Thiago M. Coelho, SBN 324715
thiago@wilshirelawfirm.com
Binyamin I. Manoucheri, SBN 336468
binyamin@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorney for Plaintiff and Proposed Class*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

CRYSTAL REDICK, individually and on behalf of all others similarly situated,

                    Plaintiff,

        v.

CHAN LUU, LLC, a Delaware limited liability company; and DOES 1 to 10, inclusive,

                    Defendants.

CASE NO.:

**CLASS ACTION COMPLAINT**
1. VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181
2. VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT
**DEMAND FOR JURY TRIAL**

        Plaintiff Crystal Redick ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action based upon personal knowledge as to herself and her own acts, and as to all other matters upon information and belief, based upon, *inter alia*, the investigations of her attorneys.

## NATURE OF THE ACTION

        1.      Plaintiff is a visually-impaired and legally blind person who requires screen-reading software to read website content using her computer.  Plaintiff uses

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

the terms "blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision. Others have no vision.

2.      Plaintiff, individually and on behalf of those similarly situated persons (hereafter "Class Members"), brings this Class Action to secure redress against Chan LUU, LLC ("Defendant") and DOES 1-10, for its failure to design, construct, maintain, and operate its website to be fully and equally accessible to and independently usable by Plaintiff and other blind or visually-impaired people. Defendant's denial of full and equal access to its website, and therefore denial of its products and services offered thereby and in conjunction with its physical location, is a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("UCRA").

3.      Because Defendant's website, https://chanluu.com/, (the "website" or "Defendant's website"), is not fully or equally accessible to blind and visually-impaired consumers, resulting in violation of the ADA, Plaintiff seeks a permanent injunction to cause a change in Defendant's policies, practices, and procedures so that Defendant's website will become and remain accessible to blind and visually-impaired consumers.

**THE PARTIES**

4.      Plaintiff, at all times relevant and as alleged herein, is a resident of California, County of Los Angeles. Plaintiff is a legally blind, visually-impaired, handicapped person, and member of a protected class of individuals under the ADA, pursuant to 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

5.      Defendant is a Delaware limited liability company. Defendant's manager purportedly resides in Pacific Palisades, California. Defendant's servers for the website are in the United States. Defendant conducts a large amount of its

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

business in California and the United States as a whole.  Defendant owns, leases, or operates a brick-and-mortar jewelry store in Los Angeles, California.  Defendant's jewelry store constitutes a place of public accommodation pursuant to 42 U.S.C. § 12181(E), as Defendant owns, leases, or operates a brick-and-mortar jewelry store.  Defendant's store provides to the public important goods and services.  Moreover, Defendant's website provides consumers access to the goods and services which Defendant offers in its brick-and-mortar store.  For example, Defendant's website allows for consumers to purchase gift cards which are redeemable at Defendant's store, purchase goods sold in Defendant's brick-and-mortar store, and sign-up for Defendant's newsletter to receive special offers and discounts which can be redeemed in Defendant's brick-and-mortar store or online.  Consumers can also find Defendant store location and hours of operation, access Defendant's social media webpages, find Defendant's contact information, learn more about the topics covered by frequently asked questions, make returns or exchanges, learn about how to care for respective products, join Defendant's rewards program to earn points for making purchases, refer a friend to receive twenty dollars in reward points, access Defendant's journal, learn about Defendant's story, and learn about Defendant's sourcing policies and material composition.

6.      Plaintiff is unaware of the true names, identities, and capacities of Defendants sued herein as DOES 1 to 10.  Plaintiff will seek leave to amend this complaint to allege the true names and capacities of DOES 1 to 10 if and when ascertained.  Plaintiff is informed and believes, and thereupon alleges, that each Defendant sued herein as a DOE is legally responsible in some manner for the events and happenings alleged herein and that each Defendant sued herein as a DOE proximately caused injuries and damages to Plaintiff as set forth below.

7.      Defendant's store is a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7)(E).

8.      The website provides access to the goods, services, privileges, and

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

advantages of Defendant's brick-and-mortar location, a place of public accommodation, by allowing consumers to purchase gift cards which can be redeemed in Defendant's brick-and-mortar store, purchase goods sold in Defendant's brick-and-mortar store, and use discounts and special offers received on the website at Defendant's brick-and-mortar store.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over the state law claims alleged in this Complaint pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A) because: (a) the matter in controversy exceeds the sum of $5 million, exclusive of interest and costs; and (b) some of the classes are citizens of a state, which is minimally diverse from the states of residence of Defendant (Delaware and California).

10.     Defendant is subject to personal jurisdiction in this District.  Defendant has been and is committing the acts or omissions alleged herein in the Central District of California that caused injury, and violated rights prescribed by the ADA and Unruh Act, to Plaintiff and to other blind and other visually impaired-consumers.  A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Central District of California.  Specifically, on several separate occasions, Plaintiff has been denied the full use and enjoyment of the facilities, goods and services of Defendant's website in Los Angeles County.  The access barriers Plaintiff has encountered on Defendant's website have caused a denial of Plaintiff's full and equal access multiple times in the past and now deter Plaintiff on a regular basis from accessing Defendant's website.  Similarly, the access barriers Plaintiff has encountered on Defendant's website have impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's physical location.

11.     This Court also has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

under Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and 28 U.S.C. § 1367.

12.    This Court has personal jurisdiction over Defendant because it conducts and continues to conduct a substantial and significant amount of business in the State of California, County of Los Angeles, and because Defendant's offending website is available across California.

13.    Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendant conducts and continues to conduct a substantial and significant amount of business in this District, Defendant is subject to personal jurisdiction in this District, and a substantial portion of the conduct complained of herein occurred in this District.

14.    Defendant owns, operates, and maintains a brick-and-mortar store location in the State of California.  Defendant's store offers goods and services to the public.  Defendant also offers the very goods and services that are offered in Defendant's brick-and-mortar store, a place of public accommodation, to the public through the website.  Defendant's brick-and-mortar store is a place of public accommodation pursuant to 42 U.S.C. § 12181(7)(E), and Defendant's website is subject to the ADA because it provides methods by which consumers can access the goods and services offered in Defendant's brick-and-mortar store, which are inaccessible to Plaintiff and the Class Members, who are disabled screen-reader users.

## THE AMERICANS WITH DISABILITIES ACT AND THE INTERNET

15.    The Internet has become a significant source of information, a portal, and a tool for conducting business, doing everyday activities such as shopping, learning, banking, researching, as well as many other activities for sighted, blind, and visually-impaired persons alike.

16.    In today's tech-savvy world, blind and visually-impaired people have the ability to access websites using keyboards in conjunction with screen access software that vocalizes the visual information found on a computer screen.  This

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   technology is known as screen-reading software.  Screen-reading software is
2   currently the only method a blind or visually-impaired person may use to
3   independently access the internet.  Unless websites are designed to be read by
4   screen-reading software, blind and visually-impaired persons are unable to fully
5   access websites, and the information, products, and services contained thereon.

6       17.    Blind and visually-impaired users of Windows operating system-
7   enabled computers and devices have several screen-reading software programs
8   available to them.  Some of these programs are available for purchase and other
9   programs are available without the user having to purchase the program separately.
10  Job Access With Speech, otherwise known as "JAWS," is currently the most
11  popular, separately purchased and downloaded screen-reading software program
12  available for a Windows computer.

13      18.    For screen-reading software to function, the information on a website
14  must be capable of being rendered into text.  If the website content is not capable
15  of being rendered into text, the blind or visually-impaired user is unable to access
16  the same content available to sighted users.

17      19.    The international website standards organization, the World Wide
18  Web Consortium, known throughout the world as W3C, has published Success
19  Criteria for version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1"
20  hereinafter).  WCAG 2.1 are well-established guidelines for making websites
21  accessible to blind and visually-impaired people. These guidelines are adopted,
22  implemented, and followed by most large business entities who want to ensure their
23  websites are accessible to users of screen-reading software programs.  Though
24  WCAG 2.1 has not been formally adopted as the standard for making websites
25  accessible, it is one of, if not the most, valuable resource for companies to operate,
26  maintain, and provide a website that is accessible under the ADA to the public.
27  Plaintiff seeks Defendant comply with WCAG 2.1 as a remedy.  Plaintiff does not
28  premise Defendant's violations of the ADA nor the Unruh Act on violations of

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WCAG 2.1.  However, the Department of Justice ("DOJ") has issued guidance on how to make web content accessible to people with disabilities.  The DOJ's guidance provides that: "Existing technical standards provide helpful guidance concerning how to ensure accessibility of website features. These include [WCAG] and the Section 508 standards, which the federal government uses for its own websites."[1]  Accordingly, although not a sole basis to premise violations of the ADA and the Unruh Act on, WCAG "provide helpful guidance concerning how to ensure accessibility of website features."

20.     Within this context, the Ninth Circuit has recognized the viability of ADA claims against commercial website owners/operators with regard to the accessibility of such websites.  *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905-06 (9th Cir. 2019), *cert. denied*, 140 S.Ct. 122, 206 L. Ed. 2d 41 (2019).  This is in addition to the numerous courts that have already recognized such application.

21.     Each of Defendant's violations of the Americans with Disabilities Act is likewise a violation of the Unruh Civil Rights Act.  Indeed, the Unruh Civil Rights Act provides that any violation of the ADA constitutes a violation of the Unruh Civil Rights Act.  Cal. Civ. Code, § 51(f).

## FACTUAL BACKGROUND

22.     Defendant offers the https://chanluu.com/ website to the public.  The website offers consumers access to the same goods and services offered at Defendant's physical location, which should be accessible to all consumers whether they are disabled or not.  The goods and services offered by Defendant include but are not limited to the following: jewelry which can be purchased in-store or on Defendant's website such as earrings, necklaces, rings, and wristwear, accessories which can be purchased in-store or on Defendant's website such as scarves, gift cards which can be purchased online and redeemed in Defendant's store, and discounts which can be accessed online and used in-store.  The website also allows

---

[1] https://beta.ada.gov/resources/web-guidance/

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

consumers to find the store location and hours of operation, sign up for Defendant's newsletter, discover Defendant's shipping and return policies, familiarize themselves with Defendant's exchange and returns policies, sign-up for personalized accounts, access Defendant's social media webpages, learn about Defendant's mission and story, contact Defendant, access frequently asked questions, and learn to care for purchased pieces.

23.    Due to Defendant's failure to properly code its website, Plaintiff and the Class Members have and are still being denied equal and full access to Defendant's website, its corresponding brick-and-mortar store, and the numerous goods, services, and benefits offered to the public through Defendant's website and brick-and-mortar store.

## THE WEBSITE BARRIERS DENY PLAINTIFF AND THE CLASS MEMBERS ACCESS

24.    Plaintiff is a visually-impaired and legally blind person, who cannot use a computer without the assistance of screen-reading software. However, Plaintiff is a proficient user of the VoiceOver screen-reading software and uses it to access the internet. Plaintiff visited https://chanluu.com/ using the VoiceOver screen-reader to purchase jewelry.

25.    During Plaintiff's visit to Defendant's website, Plaintiff encountered multiple access barriers which denied Plaintiff full and equal access to the facilities, goods, and services offered to the public and made available to the public on Defendant's website. For example, Plaintiff encountered multiple buttons which did not have accessible names. When a button does not have an accessible name, screen readers announce it as "button," making it unusable for users who rely on screen-readers like Plaintiff and the Class Members. The buttons which Plaintiff encountered with inaccessible names were the buttons to add items to Plaintiff's cart. Thus, Plaintiff was unable to add items to her cart because of Defendant's deficient coding practices, denying her the ability to utilize Defendant's website to

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

purchase goods which Defendant sells through the website and Defendant's brick-and-mortar store.

26.     Plaintiff also encountered links that did not have discernible names. Link text (and alternate text for images, when used as links) that is discernible, unique, and focusable improves the navigation experience of screen reader users. If a link cannot be discerned, then a screen reader user could not understand the content which the links connects the consumer to, denying them the ability of using that link.  This is in contrast to a sighted user who can understand the purpose of the link by the mere fact that they are sighted.  Defendant's website is replete with such links such as links that provide special offers and links that connect consumers to goods sold through the website in conjunction with Defendant's brick-and-mortar store such as Defendant's "best sellers."  Plaintiff could not understand what goods are being sold through the website resultingly and was barred from making purchases of goods which Defendant sells through the website through these deficiently coded links.

27.     If Defendant coded these elements so that they contained proper alternative text, Plaintiff could have accessed these goods and services.  Moreover, if Defendant provided proper alternative text, Plaintiff could orient herself on the website.  Instead, Plaintiff was required to sift through a deficiently coded website and attempt to find the appropriate website functions for her intended purpose. Ultimately, Plaintiff was unable to use the website to complete a purchase online. Thus, Plaintiff was unable to use her screen-reader in conjunction with the website to consummate a purchase—denying her the services and goods provided by Defendant's store through the website.  If Defendant sufficiently coded its website to interact with Plaintiff's screen-reader, Plaintiff would have been able to interact with these elements and complete an order online.

28.     If Defendant had sufficiently coded the website to be readable by Plaintiff's screen-reader and accessible with her keyboard, Plaintiff would have

been able to interact with these elements and complete a purchase through Defendant's website as a sighted person could.

29.     Accordingly, Plaintiff was denied the ability to access Defendant's website and order online, services and goods which Defendant provides through the website in conjunction with its place of public accommodation, its brick-and-mortar store, because Defendant failed to have the proper procedures in place to ensure that content uploaded to the website contains the proper coding to convey the meaning and structure of the website and the goods and services provided by Defendant.

30.     Due to the widespread access barriers Plaintiff encountered on Defendant's website, Plaintiff has been deterred from accessing Defendant's website and Defendant's store.

31.     Despite Plaintiff's attempt to do business with Defendant on its website, the numerous access barriers contained on the website and encountered by Plaintiff, have denied Plaintiff full and equal access to Defendant's website and Defendant's store.  Plaintiff, as a result of the barriers on Defendant's website, continues to be deterred from accessing Defendant's website and Defendant's store. Likewise, based on the numerous access barriers Plaintiff has been deterred and impeded from the full and equal enjoyment of goods and services offered in Defendant's brick-and-mortar store through the website.

32.     The Class Members are also legally blind screen-reader users.  The Class Members could not use the website with their screen-readers to consummate purchases or access any of Defendant's other goods and services which it provides through the website in conjunction with its brick-and-mortar store.  Plaintiff and the Class Members are encountered the same barriers which stem from Defendant's uniform, deficient coding practices.  Plaintiff and the Class Members are thus deterred from utilizing the website to consummate purchases of items which Defendant sells through the website and in its brick-and-mortar store.

33.     Plaintiff and the Class Members intend to use the website to

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

consummate purchases of goods and services if Defendant remediates the website so that it works with their screen-readers.

### DEFENDANT'S WEBSITE HAS A SUFFICIENT NEXUS TO DEFENDANT'S BRICK-AND-MORTAR STORE TO SUBJECT THE WEBSITE TO THE REQUIREMENTS OF THE ADA

34.   Defendant's website is subject to the ADA because the goods and services offered on the website are an extension of the goods and services offered in Defendant's brick-and-mortar store.  For example, the goods and the services which can be procured online are available for purchase in Defendant's brick-and-mortar store.  Thus, since the website facilitates access to the goods and services of a place of public accommodation, the website falls within the protection of the ADA because the website connects customers to the goods and services of Defendant's physical store.

### DEFENDANT MUST REMOVE BARRIERS TO ITS WEBSITE

35.   Due to the inaccessibility of the Defendant's website, blind and visually-impaired customers such as Plaintiff and the Class Members, who need screen-readers, cannot fully and equally use or enjoy the facilities and services Defendant offers to the public on its website.  The access barriers the Plaintiff and the Class Members encountered have caused a denial of their full and equal access in the past and now deter Plaintiff on a regular basis from accessing the website.

36.   These access barriers on Defendant's website have deterred Plaintiff and the Class Members from enjoying the goods and services of Defendant's brick-and-mortar store which are offered through Defendant's website in a full and equal manner to sighted individuals.  Plaintiff and Class Members intend to visit the Defendant's the Defendant's website in the near future if Plaintiff and the Class Members could access Defendant's website as a sighted person can.

37.   If the website were equally accessible to all, Plaintiff and Class Members could independently navigate the website and complete a desired

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

transaction, as sighted individuals do.

38.    Plaintiff, through Plaintiff's attempts to use the website, has actual knowledge of the access barriers that make these services inaccessible and independently unusable by blind and visually-impaired people.

39.    The Defendant uses standards, criteria, or methods of administration that have the effect of discriminating or perpetuating the discrimination against others, as alleged herein.

40.    The ADA expressly contemplates the injunctive relief that plaintiff seeks in this action. In relevant part, the ADA requires:

> In the case of violations of … this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities …. Where appropriate, injunctive relief shall also include requiring the … modification of a policy …. 42 U.S.C. § 12188(a)(2).

41.    Because Defendant's website has never been equally accessible, and because Defendant lacks a corporate policy that is reasonably calculated to cause the Defendant's website to become and remain accessible, Plaintiff invokes 42 U.S.C. § 12188(a)(2) and seeks a permanent injunction requiring Defendant to retain a qualified consultant acceptable to Plaintiff to assist Defendant to comply with WCAG 2.1 guidelines for Defendant's website.   The website must be accessible for individuals with disabilities who use desktop computers, laptops, tablets, and smartphones.   Plaintiff and Class Members seek that this permanent injunction require Defendant to cooperate with the agreed-upon consultant to: train Defendant's employees and agents who develop the website on accessibility compliance under the WCAG 2.1 guidelines; regularly check the accessibility of the website under the WCAG 2.1  guidelines; regularly test user accessibility by blind or vision-impaired persons to ensure that the Defendant's website complies under the WCAG 2.1 guidelines; and develop an accessibility policy that is clearly

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

disclosed on the Defendant's website.  The above provides contact information for users to report accessibility-related problems and require that any third-party vendors who participate on the Defendant's website to be fully accessible to the disabled by conforming with WCAG 2.1.

42.     If Defendant's website were accessible, Plaintiff and Class Members could independently access information about the services offered and goods available for online purchase and complete a purchase online through Defendant's website.

43.     Although Defendant may currently have centralized policies regarding maintaining and operating Defendant's website, Defendant lacks a plan and policy reasonably calculated to make Defendant's website fully and equally accessible to, and independently usable by, blind and other visually-impaired consumers.

44.     Defendant has, upon information and belief, invested substantial sums in developing and maintaining Defendant's website, and Defendant has generated significant revenue from Defendant's website.  These amounts are far greater than the associated cost of making Defendant's website equally accessible to visually impaired customers.

45.     Without injunctive relief, Plaintiff and Class Members will continue to be unable to independently use Defendant's website, resulting in a violation of their rights.

## CLASS ACTION ALLEGATIONS

46.     Plaintiff, on behalf of herself and all others similarly situated, seeks to certify a nationwide class under Fed. R. Civ. P. 23(a) and 23(b)(2) (b)(3), the Nationwide class is initially defined as follows:

> all legally blind individuals who have attempted to access Defendant's website by the use of a screen reading software during the applicable limitations period up to and including final judgment in this action.

47.     The California class is initially defined as follows:

all legally blind individuals in the State of California who have attempted to access Defendant's website by the use of a screen reading software during the applicable limitations period up to and including final judgment in this action.

48.     Excluded from each of the above Classes is Defendant, including any entity in which Defendant has a controlling interest, is a parent or subsidiary, or which is controlled by Defendant, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendant.  Also excluded are the judge and the court personnel in this case and any members of their immediate families.  Plaintiff reserves the right to amend the Class definitions if discovery and further investigation reveal that the Classes should be expanded or otherwise modified.

49.     *Numerosity*: Fed. R. Civ. P. 23(a)(1).  This action has been brought and may properly be maintained as a class action against Defendant under Rules 23(b)(1)(B) and 23(b)(3) of the Federal Rules of Civil Procedure.  While the exact number and identities of other Class Members are unknown to Plaintiff at this time, Plaintiff is informed and believes that there are thousands of Members in the Class. Based on the number of customers who have visited Defendant's California store and Defendant's website, it is estimated that the Class is composed of more than the requisite number of persons to sustain an adequate class action.  Furthermore, even if subclasses need to be created for these consumers, it is estimated that each subclass would have hundreds of Members.  The Members of the Class are so numerous that joinder of all Members is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

50.     *Typicality*: Plaintiff and Class Members' claims are typical of the claims of the Members of the Class as all Members of the Class are similarly affected by Defendant's wrongful conduct, as detailed herein.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

51.     *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Members of the Class in that they have no interests antagonistic to those of the other Members of the Class. Plaintiff has retained experienced and competent counsel.

52.     *Superiority*: A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the damages sustained by individual Class Members may be relatively small, the expense and burden of individual litigation makes it impracticable for the Members of the Class to individually seek redress for the wrongful conduct alleged herein.  Furthermore, the adjudication of this controversy through a class action will avoid the potentially inconsistent and conflicting adjudications of the claims asserted herein.  There will be no difficulty in the management of this action as a class action.  If Class treatment of these claims were not available Defendant would likely unfairly receive thousands of dollars or more in improper revenue.

53.     *Common Questions Predominate*: Common questions of law and fact exist as to all Members of the Class and predominate over any questions solely affecting individual Members of the Class.  Among the common questions of law and fact applicable to the Class are:

    i.  Whether Defendant's website, https://chanluu.com/, is inaccessible to the visually-impaired who use screen reading software to access internet websites;

    ii.  Whether Plaintiff and Class Members have been unable to access https://chanluu.com/ through the use of screen reading software;

    iii.  Whether the deficiencies in Defendant's website violate the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq*.;

    iv.  Whether the deficiencies in Defendant's website violate the

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

California Unruh Civil Rights Act, California Civil Code § 51 *et seq.*;

    v.  Whether, and to what extent, injunctive relief should be imposed on Defendant to make https://chanluu.com/ readily accessible to and usable by visually-impaired individuals;

    vi.  Whether Plaintiff and Class Members are entitled to recover statutory damages with respect to Defendant's wrongful conduct; and

    vii.  Whether further legal and/or equitable relief should be granted by the Court in this action.

54.    The class is readily definable and prosecution of this action as a Class action will reduce the possibility of repetitious litigation.  Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude the maintenance of this matter as a Class action.

55.    The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

56.    The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(3) are met, as questions of law or fact common to the Class predominate over any questions affecting only individual Members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

57.    The prosecution of separate actions by Members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. Additionally, individual actions may be dispositive of the interest of all Members of the Class although certain Class Members are not parties to such actions.

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

58.     Defendant's conduct is generally applicable to the Class as a whole and Plaintiff seek, *inter alia*, equitable remedies with respect to the Class as a whole. As such, Defendant's systematic policies and practices make declaratory relief with respect to the Class as a whole appropriate.

## COUNT I

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181 *ET SEQ.*

(On Behalf of Plaintiff, the Nationwide Class, and the California Class)

59.     Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 58, inclusive, of this Complaint as if set forth fully herein.

60.     Section 302(a) of Title III of the ADA, 42 U.S.C. § 12181 *et seq.*, provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

61.     Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations;" and "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the

good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).  "A public accommodation shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense." 28 C.F.R. § 36.303(a).  In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." 28 C.F.R. § 36.303(c)(1)(ii).

62.    Defendant's store is a "public accommodation" within the meaning of 42 U.S.C. § 12181 *et seq*.  Upon information and belief, Defendant generates millions of dollars in revenue from the sale of its amenities and services, privileges, advantages, and accommodations in California through its location and related services, privileges, advantages, and accommodations and its website, https://chanluu.com/, is a service, privilege, advantage and accommodation provided by Defendant that is inaccessible to customers who are visually-impaired like Plaintiff.  This inaccessibility denies visually-impaired customers full and equal enjoyment of and access to the facilities and services, privileges, advantages, and accommodations that Defendant made available to the non-disabled public.  Defendant is violating the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., in that Defendant denies visually-impaired customers the services, privileges, advantages, and accommodations provided by https://chanluu.com/.   These violations are ongoing.

63.    Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## COUNT II

## VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *ET SEQ.*

(On Behalf of Plaintiff and the California Class)

64.     Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 63, inclusive, of this Complaint as if set forth fully herein.

65.     Defendant's location is a "business establishment" within the meaning of the California Civil Code § 51 *et seq.*  Upon information and belief, Defendant generates millions of dollars in revenue from the sale of its services in California through its physical location and related services and https://chanluu.com/ is a service provided by Defendant that is inaccessible to customers who are visually-impaired like Plaintiff and Class Members.  This inaccessibility denies visually-impaired customers full and equal access to Defendant's facilities and services that Defendant makes available to the non-disabled public.  Defendant is violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, in that Defendant is denying visually-impaired customers the services provided by https://chanluu.com/. These violations are ongoing.

66.     Defendant is also violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq.* in that the conduct alleged herein likewise constitutes a violation of various provisions of the ADA, 42 U.S.C. § 12101 *et seq.* Section 51(f) of the California Civil Code provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act.

67.     The actions of Defendant were and are in violation of the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*; therefore, Plaintiff and Class Members are entitled to injunctive relief remedying the discrimination.

68.     Plaintiff and Class Members are also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

69.     Plaintiff and Class Members are also entitled to reasonable attorneys' fees and costs.

70.     Plaintiff and Class Members are also entitled to a preliminary and permanent injunction enjoining Defendant from violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq*., and requiring Defendant to take the steps necessary to make https://chanluu.com/ readily accessible to and usable by visually-impaired individuals.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all Class Members, respectfully requests that the Court enter judgment in her favor and against Defendant as follows:

A.     For an Order certifying the Nationwide Class and California Class as defined herein and appointing Plaintiff and her Counsel to represent the Nationwide Class and the California Class;

B.     A preliminary and permanent injunction pursuant to 42 U.S.C. § 12188(a)(1) and (2) and section 52.1 of the California Civil Code enjoining Defendant from violating the Unruh Civil Rights Act, the ADA, and requiring Defendant to take the steps necessary to make https://chanluu.com/ readily accessible to and usable by visually-impaired individuals;

C.     An award of statutory minimum damages of $4,000 per offense per person pursuant to section 52(a) of the California Civil Code;

D.     For attorneys' fees and expenses pursuant to California Civil Code §§ 52(a), 52.1(h), and 42 U.S.C. § 12205;

E.     For pre-judgment interest to the extent permitted by law;

F.     For costs of suit; and

G.     For such other and further relief as the Court deems just and proper.

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial for all claims so triable.

Dated: December 13, 2022                   Respectfully Submitted,

/s/ *Binyamin I. Manoucheri*
Thiago M. Coelho
Binyamin I. Manoucheri
**WILSHIRE LAW FIRM**
*Attorney for Plaintiff and Proposed*
*Class*

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL